IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12cr556
[3:10cr158]

| | |
|---|---|
| JEFFREY HAMILTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the court on petitioner's pro se Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (#3), the government's timely Response (#7) and Motion to Dismiss (#8), and petitioner's timely Reply (#10). Upon receipt of the Motion to Dismiss, the court entered a Roseboro Order informing petitioner of his right to respond and instructing him on the proper method for submitting a response. Having carefully considered all the pleadings in this civil action as well as the pleadings in underlying criminal action, United States v. Hamilton, 3:10cr158, which includes the transcript of the Plea and Rule 11 proceeding (#43) and the transcript of the sentencing hearing (#44), the court enters the following findings, conclusions, and Order denying petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

-1-

# FINDINGS AND CONCLUSIONS

## I.     Introduction

Upon receipt of the Amended Motion, the court conducted an initial screening under Rule 4(b) of the Rules Governing § 2255 Proceedings. The court determined that petitioner had alleged two grounds of relief:

(1)  Prosecutorial misconduct, by the government "not proceeding on their oral agreement of filing a Rule 35 motion which was made by the government at the time of sentencing hearing." Pet. Mot. at 5. In support of such contention, petitioner argues that, after sentencing where he received a 5K reduction, the AUSA "agree[d] to bring [him] back to court once their office received the Defendant['s] statements." Id. Petitioner maintains that the AUSA has breached such purported oral agreement. Id.

(2)  Ineffective assistance of counsel, that his attorney "allow[ed] the Defendant to proceed with sentencing without having the Defendant's statements ready to receive the Rule 35 motion." Id. at 6. Petitioner continued that his attorney was newly appointed and "did not know the depth of the Defendant['s] cooperation." Id.

After directing that an Answer or other response be filed, the respondent moved to dismiss the petition arguing that neither contention provides a basis for the relief sought. Petitioner has filed a response; however, none of the arguments contained therein entitle him to relief under § 2255.

## II.     Sentencing

A sentencing hearing was conducted on February 28, 2012, at which defendant was represented by counsel. The court inquired of petitioner whether the answers he

gave to Honorable David Cayer, United States Magistrate Judge, during the earlier Rule 11 hearing were true. Based on defendant's reaffirmation, the court accepted the plea and entered a verdict of guilty. Petitioner then stipulated to the factual basis underlying his guilty plea. After establishing a correct advisory guideline, the government requested a reduction in petitioner's sentence consistent with the § 5K1.1 motion it had earlier filed. Likewise, counsel for petitioner asked the court to grant that motion, sought zero months imprisonment on the armed bank robbery charge and no more than the statutory minimum sentence of 84 months on the companion firearm offense.

In arguing in support of the court granting the § 5K1.1 motion, which was based on substantial assistance rendered by petitioner in a murder investigation ("the first investigation"), counsel for petitioner advised the court that petitioner had been debriefed regarding a second murder ("the second investigation"). Counsel for petitioner stated that the AUSA had attempted to contact the detectives and assistant district attorney working on the second murder investigation, but that it "hasn't happened yet." Sent. Trans. at 8, and that it was counsel for defendant's opinion that "we're going to be here down the road with a Rule 35 that I'll ask the court to grant." Id. Review of transcript reveals no mention of the possibility of a Rule 35 motion by the government and no promise to make a Rule 35 motion on Petitioner's behalf. Indeed, there is no promise to make a Rule 35 motion in any pleading or transcript now before the court.

Based on the § 5K1.1 motion, this court sentenced petitioner to zero months of imprisonment for the armed bank robbery and 84 months on the firearm offense.

-3-

Defendant did not appeal the Judgment entered on March 8, 2012, and such judgment became final March 22, 2012. The court finds this petition to be timely under 28 U.S.C. § 2255(f)(1) as it was made within one year of such judgment becoming final.

**II.     Discussion**

Both of petitioner's claims pivot on a contention that the government has breached a promise to make a motion for a sentence reduction under Rule 35(b), Federal Rules of Criminal Procedure. Under either Rule 35(b)(1) or Rule 35(b)((2), relief is only available "[u]pon the government's motion . . . ." Fed.R.Crim.P. 35(b).

It is well-settled that whether or not to file a Rule 35(b) motion is a matter left to the government's discretion. United States v. Dixon, 998 F.2d 228, 230 (4th Cir.1993). A court may remedy the government's refusal to move for a reduction of a previously imposed sentence only if: (1) the government obligated itself to move for a reduction under the terms of a plea agreement, United States v. Connor, 930 F.2d 1073, 1076 (4th Cir. 1991); or (2) the government's refusal to move for a reduction "was based on an unconstitutional motive" or "was not rationally related to any legitimate Government end...." Wade v. United States, 504 U.S. 181, 185-86 (1992). At best, petitioner asserts that it was his understanding that he would receive the benefit of a Rule 35 motion and his belief that his fiancée was told by the prosecutor in a telephone call that petitioner would receive such a reduction.1 Even if such allegations were made in an otherwise admissible form, they would not be sufficient to meet either the Connor or Wade

---
1     Such contentions have not been made in an admissible form.

standard.  The court will, in an abundance of caution, review all the pleadings to determine whether either standard is met.

First, review of the plea agreement, the transcripts of the Plea and Rule 11 hearing , and the transcript of the sentencing hearing reveals no promise made by the government to move for a reduction under Rule 35(b).  Thus, petitioner's first avenue for relief under Connor is foreclosed.

Second, nowhere in his motion does petitioner raise any specter of any unconstitutional motive under Wade in the government's  apparent[2] determination not to file a Rule 35 motion.  Further, no reasonable inference of an unconstitutional motive arises from the pleadings inasmuch as the government has, in close temporal proximity to the instant motion, moved for very favorable substantial sentence reduction under § 5K1.1.  If a defendant cannot show a breach of his plea agreement or an unconstitutional motive,

> a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive.

Wade, 504 U.S. at 186.  Thus, petitioner has neither alleged nor shown any misconduct on the part of the respondent.

As to ineffective assistance of counsel, such contention is wholly without merit. To establish a claim of ineffective assistance of counsel, a petitioner must show that

---

2    The time for filing a Rule 35 motion has not run.

counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687, 687-91 (1984). In considering the performance prong, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id., at 689; see also Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). The prejudice prong is satisfied by showing that

> there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Id., at 694. The petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citation omitted). If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." Id., at 1290, citing Strickland, 466 U.S. at 697. In considering the prejudice prong of the analysis, the court cannot grant relief simply upon a showing that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Instead, the court "can only grant relief under ... Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993).

Petitioner appears to argue that due to her recent appointment, his attorney was unaware of the extent of his cooperation on the second murder investigation and should have moved for a continuance of the sentencing hearing. The record of the sentencing

-6-

hearing does not support such a claim as counsel well conveyed to this court petitioner's debriefing in the second murder investigation and that she *hoped* he would receive a lower sentence with a future Rule 35 motion for that debriefing:

> . . . I would like to bring to the court's attention some things about his nature and characteristics and the hopes for a future Rule 35 motion that's been put in place in the past several weeks.
>
> \* \* \*
>
> And I can tell the court that in the past several weeks, there was a debrief regarding another murder. Three individuals have been arrested and are awaiting trial. The detective told myself and the investigator from my office that the information Mr. Hamilton has provided is very credible, truthful. It juts needs to be presented to the assistant district attorney.
>
> And to Ms. Dillon's credit, she's made attempts but that hasn't happened yet. And we're hopeful that it will happen in the next several weeks because I think in this case this is truly a case where I think this gentleman deserves another break and deserves a chance. And he has exhibited to me in the short time I've represented him that he is sincere about turning his life around.

Sent. Trans. at 6-8. Further review of the docket in the criminal matter reveals that when the criminal action was set for sentencing in October 2011, substitute counsel successfully moved for a continuance of that hearing and that sentencing was reset for February 2012, which gave counsel ample time to prepare. Review of the transcript reveals that substitute counsel was not only well aware of petitioner's cooperation in the second murder investigation, but of efforts petitioner had made while detained pending sentencing and his family situation. Id.

While it is readily apparent that counsel was fully prepared at sentencing, petitioner further contends that his attorney was ineffective by allowing him to proceed to sentencing "without having the Defendant's statements ready to receive the Rule 35

-7-

motion." Amended Motion (#3) at 6. The court considers this to be a contention that counsel should have moved for a further continuance of sentencing until the government was in a position to evaluate the assistance he had given in the second murder investigation. It is undisputed that as of the date of the sentencing, petitioner had already been debriefed on the second murder investigation and the government was waiting for an evaluation from the state prosecutor to determine whether the information turned out to be useful in prosecuting the second murder case. Further, postponing the sentencing hearing would have been of no moment inasmuch as the petitioner's cooperation in that second murder investigation was complete, and waiting additional time to impose a sentence would not have made that information any more or less valuable.

Indeed, the Federal Rules of Criminal Procedure as well as the Sentencing Guidelines clearly anticipate that sentencing can occur prior to evaluation of assistance inasmuch as the rules allow the government to make a § 5K1.1 motion at sentencing and then a Rule 35 motion for a sentence reduction up to one year after sentencing. See Fed.R.Crim.P. 35(b)(1). Petitioner has not shown any prejudice, thus he has failed to show any harm attributable to counsel's assistance.

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (#3) is **DENIED**.

## Denial of Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: December 28, 2012

Max O. Cogburn Jr.
United States District Judge